IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES ALMOND AS TRUSTEE FOR THE ALMOND FAMILY 2001 TRUST, ALMOND INVESTMENT FUND LLC, CHARLES ALMOND and ANDREW FRANKLIN, | § § § § § | |
| | § | No. 215/216, 2019C |
| Plaintiffs-Below, Appellants, | § § | |
| | § | |
| v. | § | |
| | § | |
| GLENHILL ADVISORS, LLC, GLENHILL CAPITAL LP, GLENHILL CAPITAL MANAGEMENT LLC, GLENHILL CONCENTRATED LONG MASTER FUND LLC, GLENHILL SPECIAL OPPORTUNITES MASTER FUND LLC, JOHN EDELMAN, | § § § § § § § | Court Below: Court of Chancery of the State of Delaware |
| GLENN KREVLIN, JOHN MCPHEE, WILLIAM SWEEDLER, WINDSONG DB DWR II, LLC, WINDSONG DWR, LLC, WINDSONG BRANDS, LLC, HERMAN MILLER, INC. and HM CATALYST, INC. | § § § § § § | C.A. No. 10477-CB |
| | § | |
| Defendants-Below, Appellees, | § § | |
| | § | |
| and | § | |
| | § | |
| DESIGN WITHIN REACH, INC. | § § | |
| | § | |
| Intervenor and Counterclaim Petitioner-Below, Appellee. | § § § | |

Submitted: November 13, 2019
Decided: November 18, 2019

Before **SEITZ**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

This 18th day of November, 2019, having considered this matter on the briefs and oral arguments of the parties and the record below, and having concluded that the same should be affirmed on the basis of and for the reasons assigned by the Court of Chancery in its Memorandum Opinion dated August 17, 2018, Order Implementing Post-Trial Opinion dated August 31, 2018, Memorandum Opinion dated April 10, 2019 and Amended Final Order and Judgment dated April 18, 2019;

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery be, and the same hereby is, AFFIRMED.[1]

BY THE COURT:


/s/ Karen L. Valihura
Justice

---

[1] On appeal, Appellants raised a new argument that was not presented to the Court of Chancery. In this Court, Appellants Charles Almond as Trustee for the Almond Family 2001 Trust, Almond Investment Fund LLC, and Charles Almond (the "Almond Appellants") argued for the first time that the Court of Chancery erred by "focus[ing] its and the parties' attention" on whether "the Individual Defendants could constitute a control group for *Gentile* purposes." Almond Appellants Opening Br. at 25; *see also Gentile v. Rossette*, 906 A.2d 91 (Del. 2006). They assert on appeal that the trial court's analysis should have focused instead on whether defendant-below Glenn Krevlin expropriated economic and voting power for his benefit and then transferred that to others in order to discharge obligations he had to them. In support of this new argument, they cite *Gatz v. Ponsoldt*, 925 A.2d 1265 (Del. 2007). Krevlin managed a fund complex known as Glenhill that was the controlling stockholder of Design Within Reach, Inc. The Court of Chancery did not err and properly considered the arguments as framed by the parties. Because this new argument was not fairly presented below, it has been waived. *See* Del. Supr. Ct. R. 8.